368 So.2d 451 (1979)
Edwin A. GREEN, II, As Guardian Ad Litem for George William Burch, Appellant,
v.
The QUINCY STATE BANK et al., Appellees.
No. JJ-25.
District Court of Appeal of Florida, First District.
March 14, 1979.
Rehearings Denied May 2, 1979.
*452 Edwin A. Green, II, and W.J. Oven, Jr., Tallahassee, for appellant.
Richard J. Gardner, Quincy, Charles R. Gardner, David P. Hopstetter, of Huey, Camper & Guilday, Tallahassee, for appellees.
MELVIN, Judge.
The appellant brings for review the final declaratory judgment entered in the suit of The Quincy State Bank as plaintiff against Martha B. Munroe, Clarence Munroe, a minor, Ina Jean Munroe, a minor, and George William Burch, a minor. The plaintiff bank was designated as trustee in an irrevocable trust instrument executed December 26, 1956, by Clarice P. Munroe, as trustor. The trust referred to was designated as the "George W. Munroe, Jr., Trust". The trust instrument provided, among other matters, that if the trust beneficiary, George W. Munroe, Jr., should die before attaining the age of 40 years, the trust fund would be divided in equal shares, one share to each of his living children, and one share to his surviving widow. George W. Munroe, Jr. died June 9, 1977, prior to having attained the age of 40 years.
Upon the event of his death, George W. Munroe, Jr. was survived by his widow, Martha B. Munroe, and two children born of their marriage. Those children are Clarence Munroe, born April 22, 1970, and Ina Jean Munroe, born April 4, 1972. George W. Munroe had been previously married, and of that marriage, a child, George William Munroe, III, was born April 30, 1964. That first marriage ended via the divorce route. The former wife of George W. Munroe, Jr. subsequently remarried and her husband then adopted George William Munroe, III on February 17, 1972, and changed his name to that of George William Burch.
The issue is whether or not George William Burch is included within the term "living child" of George W. Munroe, Jr.
At the outset we emphasize that we are here dealing with the construction to be placed upon the provisions of an irrevocable trust. Upon the execution of this instrument, it was beyond the power of the trustor to alter the same so as to include any person not within its terms included, or to exclude any person that was included within its terms. We therefore have the interesting question of whether the trustor of an irrevocable trust being unable in any manner to alter the trust instrument, nevertheless has executed such instrument at the risk of the Legislature doing so by the simple process of amending the law to bring about a material alteration in the plain intent of the law as of the date of the execution of such trust.
At the time of the execution of the trust agreement, at the time of the birth of George William Munroe, III, and at the time of his adoption and the change of his name to George William Burch, the applicable statutes preserved the right of an "adopted-away" child to inherit from its natural parents. This right of inheritance from the natural parent was preserved in Section 72.22, Florida Statutes (1955), as well as Section 63.281, Florida Statutes (1971), with an immaterial variance in the language employed. Prior to the death of George W. Munroe, Jr., the Legislature, by the enactment of Chapter 73-159, Section 17, amended the law relating to the effect of adoption. Section 17 of said act provides:
"(1) A judgment of adoption ... has the following effect:

*453 (b) It terminates all legal relationships between the adopted person and his relatives, including his natural parents, except a natural parent who is a petitioner, so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship." (Emphasis supplied)
This statute with slight variation appears as Section 63.172, Florida Statutes (1977). Chapter 73-159 contains a savings clause that provides as follows:
"Any adoption made before the effective date of this act shall be valid, and any proceedings pending on the effective date of this act are not affected."
This provision is now § 63.222, Florida Statutes (1978).
The able trial judge considered Section 63.172 above referred to as having retroactive application to the trust instrument now under consideration, and the court then concluded that George William Burch was not a "living child" of George W. Munroe, Jr., within the meaning of the trust agreement of December 26, 1956. Such ruling was error, and we reverse.
We hold that the determination of who would constitute a "living child" of George W. Munroe, Jr., under the terms of the trust agreement referred to, must be determined by the law in effect upon the execution of such irrevocable trust agreement. The trustor in paragraph 6 of the trust provided:
"No trust existing by virtue of this instrument shall be altered, amended, revoked, or terminated, except as herein expressly provided."
We glean from such language an intent on the part of the trustor that the trust created by her would be interpreted in accord with the law then in existence. While it is true that each person is presumed to know the law, it may not be logically concluded that one is presumed to know that the Legislature will change a law dealing with the meaning of a sentence or clause contained in an irrevocable trust agreement. We do not perceive that the Legislature intended that the provisions of Chapter 73-159, Section 17 would have retroactive application. We base that conclusion upon the subsequent provision contained in Section 22 of said chapter that "any adoption made before the effective date of this act shall be valid, and any proceedings pending on the effective date of this act are not affected." Certainly if pending proceedings would not be affected by Section 17, logic would strongly suggest that any proceedings concluded prior to the adoption of the revision likewise would not be affected.
Any right of George William Burch to receive consideration under the trust agreement as a "living child" of his natural father is, of course, a contingent or inchoate right. However, such contingency was within the contemplation of the trustor; had it not been, such provision would not have been inserted in the trust agreement. In Jenkins v. Donahoo, 231 So.2d 809, at p. 812, the Supreme Court of Florida in a unanimous opinion stated:
"The right of trust beneficiaries to benefits in accord with the testator's lawful direction is basic. Only changes in statutory laws not affecting substantial rights and not contrary to the expressed intent of the testator may be applied retroactively."
The trust document here under consideration is without question a valid trust document. Rights existing under a valid contract enjoy constitutional protection. In Robbins v. Robbins, 360 So.2d 10 (Fla. 2d DCA 1978), the Court held at page 12:
"A statute cannot dissolve either an inchoate or vested right which is of constitutional magnitude."
The declaratory judgment appealed from is reversed with directions to enter an amended declaratory judgment adjudging George William Burch also to be a "living *454 child" of George W. Munroe, Jr., and that such living child is entitled to participate in the division of the trust in accord with the terms and provisions thereof.
SMITH, Acting C.J., and BOOTH, J., concur.