**FIFTH THIRD BANK, Trustee, et al.**

v.

**CROSLEY et al.**

Court of Common Pleas of Ohio,
Hamilton County,
Probate Division.

C–95383.

Decided June 21, 1996.

**12**

*Wiley Dinsmore,* for plaintiff Fifth Third Bank.

*Stephen L. Black,* for defendants Shannon C. Welch, Brooke C. Schwartzkopf, Brandon Moore, Brock Moore and Kaycee Schwartzkopf.

*Jack F. Fuchs,* for Lewis L. Crosley.

*Jennifer B. Olano,* for defendants Gwendolyn Kess Johnson, Charlotte Johnson, Crosley Johnson, Johanna Johnson and Zachary Johnson.

*Jon Hoffheimer,* Trustee for Unborn Natural Lineal Descendants of Powel Crosley, Jr.

*Robert H. Dolle,* Trustee for Person or Persons Not Born Who Might be Adopted by Lineal Descendants of Powel Crosley, Jr.

---

WAYNE F. WILKE, Judge.

This matter came before Judge Wayne F. Wilke on May 29, 1996, regarding motions and cross-motions for summary judgment. Present before the court were Stephen L. Black, representing defendants Shannon C. Welch, Brooke C. Schwartzkopf, Brandon Moore, Brock Moore and Kaycee Schwartzkopf (the "Welch Defendants"); Jack F. Fuchs, representing Lewis L. Crosley; Jennifer B. Olano, who represents defendants Gwendolyn Kess Johnson, Charlotte Johnson, Crosley Johnson, Johanna Johnson and Zachary Johnson (the "Johnson Defendants"); Jon Hoffheimer, the Trustee for Unborn Natural Lineal Descendants of Powel Crosley, Jr.; and Robert H. Dolle, the Trustee for Person or Persons Not Born Who Might be Adopted by Lineal Descendants of Powel Crosley, Jr.

Based upon oral arguments and the parties' briefs, the court granted Lewis L. Crosley's motion for summary judgment and declared his rights under the trusts in question by entry dated May 29, 1996. Additionally, the Welch Defendants were given leave to file a supplemental memorandum regarding their motion for summary judgment. That supplemental memorandum was filed on May 30, 1996.

## FACTS

The facts of this case are not controverted and only the application of the law is questioned. Three separate instruments executed by two individuals, Powel Crosley, Jr. and his son, Powel Crosley III, are at issue. Exhibit F of the parties' stipulations, filed on May 1, 1996, helps clarify the parties' familial relationships. The facts of this dispute may be summarized below:

The Fifth Third Bank serves as trustee under the Last Will and Testament of Powel Crosley III ("the Trust"), under an Amended Trust Agreement dated October 19, 1959 with Powel Crosley, Jr. ("the 1959 Amendment"), and under an Indenture of Trust # 1 dated December 16, 1941 with Powel Crosley, Jr. ("the 1941 Indenture"). The Fifth Third Bank brought a motion for declaratory judgment asking the court to determine whether adopted persons are "issue" of Powel Crosley III within the meaning of Item III of the Will, within the meaning of Item III of the 1959 Amendment, and within the meaning of the 1941 Indenture. Motions for summary judgment were brought by the Trustee for Unknown Persons who Might Be Adopted by a Lineal Descendant of Powel Crosley, Jr., by the "Welch Defendants," and by defendant Lewis L. Crosley.[1]

### The Last Will and Testament of Powel Crosley III

Powel Crosley III executed his Last Will and Testament on or about October 28, 1946. On June 14, 1948, Powel Crosley III died while domiciled in Dade County, Florida. His will was admitted to probate in Florida. Item III of that will creates a trust which, *inter alia,* directs the trustee to pay income to "each of my issue per stirpes his or her proportionate share of the income * * *." Powel Crosley III named his father, Powel Crosley, Jr., as trustee, and The Fifth Third Union Trust Company as successor trustee. The Eleventh Judicial Circuit of Florida declared The Fifth Third Union Trust Company successor trustee in April 1962. The trust will terminate twenty-one years after the death of the youngest issue of Powel Crosley III living on June 14, 1948.

Powel Crosley III was survived by three children, to wit: Powel Crosley IV, Houston Crosley and Thomas Edward Crosley ("Ted"). Ted Crosley was the youngest issue of Powel Crosley III surviving Powel Crosley III at the time of his death. Powel Crosley IV died without issue. Houston Crosley is still living

---

1. Lewis L. Crosley's motion for summary judgment was granted on May 29, 1996 as described above, and provides, *inter alia,* that Lewis L. Crosley is entitled to take under the Amended Trust Agreement as a grandchild of the trustor. Furthermore, his children and their issue are entitled to take as the issue of a grandchild of the trustor. As to the 1941 Indenture, Lewis L. Crosley was granted summary judgment to take as a grandchild of the trustor and as a child of Martha Page Crosley Kess. Additionally, Lewis L. Crosley's children and their issue are entitled to take as the issue of a grandchild of the trustor and of a child of Martha Page Crosley Kess.

and has issue. Ted Crosley died on March 26, 1995, survived by five natural born children and two adopted children. Ted Crosley's death in 1995 means that the trust will terminate in 2016. The Fifth Third Bank is uncertain whether Ted Crosley's two adopted children and their descendants are "issue" within the meaning of Powel Crosley III's Will.

## The 1941 Indenture

On December 16, 1941, Powel Crosley, Jr., executed Indenture of Trust # 1 with The Fifth Third Union Trust Company as trustee. This instrument created an irrevocable trust for the benefit of several of Powel Crosley, Jr.'s family. This trust provides that one-half of the income is distributable to the issue of Powel III, per stirpes, and one-half of Powel III's interest is distributable to the issue of Ted Crosley, per stirpes. Item VII of this document states that "[t]he word 'issue' as used herein shall mean only lawful issue and shall include children, grandchildren and more remote descendants." The Fifth Third Bank is uncertain whether the two individuals adopted by Ted Crosley and, consequently, their descendants, are issue for purposes of the 1941 Indenture.

## The 1959 Amended Trust Agreement

On October 19, 1959, Powel Crosley, Jr. executed an Amended Trust Agreement with The Fifth Third Union Trust Company as trustee. This instrument amended and restated a revocable trust which became irrevocable upon Powel Crosley, Jr.'s death on March 24, 1961. The trust was divided into two shares, one share for the benefit of Page Crosley Kess, the settlor's daughter, and one share for the benefit of the settlor's grandchildren and issue of any deceased grandchildren. Upon Page Kess's death, the entire trust was divided into separate trust shares for the grandchildren and collective issue of each deceased grandchild of Powel, Jr. Upon the death of Ted Crosley, the income from his share became distributable to his issue, per stirpes.

Paragraph 5, Article VI of the 1959 Trust states:

"The words 'issue, children, grandchildren and lineal descendants' as used in this Trust Agreement * * * shall mean only lawful issue of the blood of the Trustor and shall include children, grandchildren and more remote lineal descendants of the named beneficiaries. Lewis L'Hommedieu Crosley, son of Martha Page Crosley Kess, has been legally adopted by the Trustor. Nevertheless, Lewis L'Hommedieu Crosley shall take under the provisions of this Trust Agreement, as amended, as a child of Martha Page Crosley Kess and as a grandchild of the Trustor and not otherwise. Likewise his issue shall take as the issue of a grandchild of the Trustor and not otherwise."

The Fifth Third Bank is uncertain whether any adoptees are issue within the meaning of the 1959 Amended Trust Agreement.

## CONCLUSIONS OF LAW

Summary judgment under Civ.R. 56(C) is proper if "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party." *State ex rel. Howard v. Ferreri* (1994), 70 Ohio St.3d 587, 589, 639 N.E.2d 1189, 1192. There are no facts to be litigated in this case, so summary judgment is proper.

Three basic principles guide this court in construing instruments such as those before this court. First, it is axiomatic that a probate court should ascertain and give effect to the intent of the testator, grantor, or settlor when legally possible. *Townsend's Executors v. Townsend* (1874), 25 Ohio St. 477; *Tootle v. Tootle* (1986), 22 Ohio St.3d 244, 22 OBR 420, 490 N.E.2d 878. Next, a court is provided indicators of the grantor's intentions by the express language of the instrument. *Casey v. Gallagher* (1967), 11 Ohio St.2d 42, 40 O.O.2d 55, 227 N.E.2d 801. Finally, the words used in the instrument are presumed to be used in their ordinary sense. *Albright v. Albright* (1927), 116 Ohio St. 668, 157 N.E. 760.

The threshold consideration to be decided in this matter concerns the choice of law for interpreting the instruments before the court. The Supreme Court of Ohio and the First District Court of Appeals have followed the principle that where testamentary intent need be ascertained, the law of the state where the testator was domiciled and where his will is probated is to be applied. See, *e.g., Lozier v. Lozier* (1919), 99 Ohio St. 254, 124 N.E. 167; *Toledo Trust Co. v. Santa Barbara Found.* (1987), 32 Ohio St.3d 141, 512 N.E.2d 664; *Heater v. Mittendorf* (1943), 72 Ohio App. 4, 26 O.O. 508, 50 N.E.2d 559. Because Powel Crosley III was domiciled in Florida at the time of his death and because his will was admitted to probate in the Circuit Court of the Eleventh Judicial Circuit of Florida, Florida law should be utilized with respect to interpreting the provisions of Powel Crosley III's will.

On the other hand, Ohio law should be applied to the 1941 Indenture and 1959 Amended Trust Agreement. It is hornbook law that a trust agreement made in Ohio is governed by Ohio law and that the validity of an inter vivos trust is determined by the law of its situs. *Darrow v. Fifth Third Union Trust* (C.P.1954), 78 Ohio Law Abs. 303, 1 O.O.2d 104, 139 N.E.2d 112. Both the

Indenture and the Amended Trust Agreement were executed in Ohio and the situs of each trust is Ohio. Additionally, with respect to the Amended Trust Agreement, Paragraph 8, Item VI of that instrument expressly provides that Ohio law shall apply.

Turning to the issue of whether the adoptive children of Ted Crosley are "issue" under Powel Crosley III's Trust, the answer to that question is dependent upon the effects of adoption under Florida law, which is similar to that of Ohio. Florida Stat.Ann. 63.172(1)(c) provides that a judgment of adoption "creates the relationship between the adopted person and the petitioner and all relatives of the petitioner that would have existed if the adopted person were a blood descendant of the petitioner born within wedlock. This relationship shall be created for all purposes, including inheritance and applicability of statutes, documents, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly exclude an adopted person from their operation or effect."

Unfortunately, the law with respect to the effects of adoption in Florida is unsettled. In *Green v. Quincy State Bank* (Fla.App.Dist. 1, 1979), 368 So.2d 451, the court held that the determination of a beneficiary class must be determined by the law in effect upon the execution of an irrevocable trust agreement. *Id.* at 453. The court in *Green* dealt with the issue of whether a person who was adopted subsequent to a trust's execution was to be considered a beneficiary of his former parent. The court decided that a child's adoption by a stepparent should not prohibit that child from taking as a beneficiary of his biological father's trust. *Id.*

The Florida First District Court of Appeals' decision in *Green,* however, has not held much sway in other Florida appellate courts, reflecting a shift in public policy to allow adoptees to inherit only through their adoptive parents. For example, in *Lewis v. Green* (Fla.App.Dist. 5, 1980), 389 So.2d 235, petition for review denied (Fla.1981), 397 So.2d 778, the court approved of the view of other states that "adopted children are the issue and the lineal descendants of their adopting parents for purposes of inheriting under a will or trust instrument." *Id.,* 389 So.2d at 241. The court recognized the revisions made to Fla.Stat. 732.108(1), which then stated that an adopted person is a "lineal descendant of the adopting parent and is one of the natural kindred of all of the members of the adopting parent's family." *Id.* The court in *Lewis* treated the adopted child the same as a natural child for purposes of testate inheritance and, unlike the court in *Green,* recognized that adoption severed an adoptee's connection to her biological parents. Consequently, the *Lewis* court held that adopted children of a granddaughter of the testator were "lineal descendants" of their adoptive mother and were entitled to receive a fractional share of income from the trust established by

the grandfather of the adoptive mother, even though the will lacked any express intent to include adopted children as issue or descendants of his grandchildren. *Id.*, 389 So.2d at 242.

■ The situation *sub judice* is similar to that faced by the court in *Lewis.* Despite the fact that Ted Crosley is the testator's son and not his grandson, the reasoning of the decision in *Lewis* should apply in this case. Ted Crosley's adopted children should be considered issue under Powel Crosley III's Will. More specifically, Brooke Crosley Schwartzkopf and Shannon Crosley Welch, and their descendants, are issue of Powel Crosley III for purposes of the trust under Item III of the will.

■ Turning to the problem of whether the adoptive children of Ted Crosley are "issue" under either the 1941 Indenture or the 1959 Amended Trust Agreement, Ohio courts have traditionally looked to the specific words or terms utilized to designate a class of beneficiaries. *Ohio Citizens Bank v. Mills* (1989), 45 Ohio St.3d 153, 155, 543 N.E.2d 1206, 1208–1209. Terms such as "child," "children," "grandchildren," "heirs of the body," "issue," or "heirs" appearing in a will, trust or other instrument exclude an adopted child, absent a contrary intention within the instrument itself. *Id.*

For example, in *Tootle v. Tootle* (1986), 22 Ohio St.3d 244, 22 OBR 420, 490 N.E.2d 878, the court held that where a testator uses the term "heirs of the body" as a term of limitation in a class gift to exclude adopted beneficiaries, such term in the absence of contrary intent constitutes an express exclusion of adopted persons. In his concurring opinion, Justice Wright stated that "[a]lthough the meaning of 'issue' has been expanded to include adopted children * * * this trend has never affected 'heirs of the body,' which still means lineal descendants by blood." *Id.* at 249, 22 OBR at 425, 490 N.E.2d at 883.

■ With respect to the case *sub judice*, it is clear that neither adopted children nor their heirs may take as beneficiaries under the 1959 Amended Trust Agreement. The language in that instrument, to wit, "only lawful issue of the blood of the Trustor," is plain and unambiguous. The court therefore finds that the language of Paragraph 5, Item VI plainly evidences Powel Crosley, Jr.'s intent to exclude adopted children from the class of beneficiaries.

As to the 1941 Indenture, however, a recent statutory amendment to R.C. 3107.15 makes clear the answer sought by plaintiff. Sub.S.B. No. 129, which became effective on May 30, 1996, amends R.C. 3107.15 so that a final decree of adoption creates the "relationship of parent and child between petitioner and the adopted person, as if the adopted person were a legitimate blood descendant of the petitioner, for all purposes including inheritance and applicability of statutes, documents, and instruments, whether executed before or after the adoption is

decreed, and *whether executed or created before or after the effective date of this amendment,* which do not expressly exclude an adopted person from their operation or effect." (Emphasis added.)

The Legislative Service Commission Analysis states that Sub.S.B. No. 129 was a response to the Supreme Court's decision in *Ohio Citizens Bank v. Mills* (1989), 45 Ohio St.3d 153, 543 N.E.2d 1206. The court in *Mills* stated that the intent of the settlor of an inter vivos trust should be determined in light of the law existing at the time of the creation of the trust. *Id.* at 156, 543 N.E.2d at 1209–1210. As a result, the court held that R.C. 3107.15 is to be applied prospectively only, and subsequent to January 1, 1977, so that R.C. 3107.15 applies only to trusts created after that date. *Id.* The court invited the General Assembly to amend R.C. 3107.15 to state more clearly that its provisions would apply retrospectively. *Id.* at 157, 543 N.E.2d at 1210.

Newly amended R.C. 3107.15 is the General Assembly's response to the *Mills* invitation. Sub.S.B. No. 129 now clearly states that the effects of an adoption are to apply retrospectively, and the Act effectively overrules paragraph two of the syllabus to the *Mills* case. Under present R.C. 3107.15, an order of adoption creates a parent-child relationship between the adoptee and the adopter for all purposes, including inheritance and the applicability of instruments regardless of the date of the instrument's creation.

Consequently, the effects of an adoption under R.C. 3107.15 apply retroactively to any instrument which does not expressly exclude an adopted person from their operation or effect. Under the 1941 Indenture, Item VII of that document states that "[t]he word 'issue' as used herein shall mean only lawful issue and shall include children, grandchildren and more remote descendants." Unlike the 1959 Amended Trust Agreement, there is no prohibition against adoptees being included in the class of beneficiaries under this instrument.

Therefore, the court HEREBY GRANTS summary judgment to the following extent: adopted persons are "issue" of Powel Crosley III within the meaning of Item III of his will and adopted persons are issue of Powel Crosley, Jr. within the meaning of the 1941 Indenture of Trust # 1. As noted above, adopted persons are not issue of Powel Crosley, Jr. within the meaning of the 1959 Amended Trust Agreement.

*Judgment accordingly.*