457 So.2d 1064 (1984)
In re Trust under WILL OF Louis J. MARTELL, Deceased.
No. 83-1989.
District Court of Appeal of Florida, Second District.
June 29, 1984.
Rehearing Denied August 3, 1984.
*1065 David A. Vukelja of Coble, McKinnon, Rothert, Barkin, Vukelja & Godbee, P.A., Daytona Beach, for appellants.
Wm. Fletcher Belcher, St. Petersburg, and William Griffin of Law Offices of Stone & Griffin, St. Petersburg, for appellee.
GRIMES, Judge.
This case examines the law applicable in construing the terms and provisions controlling the ultimate determination of trust beneficiaries under a testamentary trust.
Louis J. Martell executed his will on July 31, 1970. Article 4 of the will created a testamentary trust which named eight beneficiaries, including Arthur J. Landry. The trust generally provided for the payment of income to each beneficiary until the youngest attained age forty, at which time the remaining assets of the trust were to be distributed in equal shares to the eight beneficiaries and the trust was to terminate. The trust also contained the following provision:
In the event any of the before named remaindermen shall not be living at the time of the distribution of the trust assets, his or her share shall pass to his or her issue per stirpes. Should any of the before named remaindermen not be living at the time of distribution and not have issue surviving him or her, his or her share shall be divided proportionately among the remaindermen then surviving and those remaindermen deceased with issue living at that time.
Louis J. Martell died on November 20, 1971. At the time of his death Arthur J. Landry was alive as were his three children, Jeanne Thompson McEwen, Louis Landry, and Patricia Bruback. Jeanne Thompson McEwen had a minor child, born on October 19, 1970, named Robert Phillip McEwen, II. This child was "adopted away" on December 28, 1971, and his name was changed to Brice Robert Bishop. Jeanne Thompson McEwen died on February 5, 1974.
*1066 Arthur J. Landry died on April 25, 1979. On May 7, 1981, the youngest of the named trust beneficiaries attained age forty, resulting in the termination of the trust. As of that date, Arthur J. Landry was survived by his two remaining children, Louis Landry and Patricia Bruback, and his adopted away grandson, Brice Robert Bishop.
The Royal Trust Bank of Florida, N.A., as trustee, filed a petition in the circuit court for determination of remainder beneficiary. The issue presented was whether Brice Robert Bishop was entitled to a one-third interest of the one-eighth share of the trust estate to be distributed to the issue of Arthur J. Landry, per stirpes. The trial court, after hearing, determined there was no factual dispute and held that Brice Robert Bishop, Louis Landry, and Patricia Bruback were each entitled to a one-third interest of the one-eighth share of the trust estate. Louis Landry and Patricia Bruback prosecute this appeal.
At the time of the execution of the will, at the time of the creation of the testamentary trust, and at the time of the adoption of Brice Robert Bishop, an adopted away child inherited from his natural kindred. § 63.151 and § 731.30, Fla. Stat. (1971). In 1973, however, the legislature changed the law relating to the effect of adoption. See Ch. 73-159, § 17, Laws of Fla. Under the laws in effect at the time of the termination of the trust, an adopted away child did not inherit from his natural kindred. Section 63.172, Florida Statutes (1979), provides in pertinent part:
(1) A judgment of adoption, whether entered by a court of this state, another state, or of any other place, has the following effect:
... .
(b) It terminates all legal relationships between the adopted person and his relatives, including his natural parents, except a natural parent who is a petitioner or who is married to a petitioner, so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship. (Emphasis supplied.)
Therefore, in determining whether Brice Robert Bishop was entitled to share in the proceeds of the trust estate, we must first decide the date which controls the application of the law.
Generally, courts look to the law in effect when a testamentary trust terminates rather than the law at the time the will was written or when the testator died to determine whether an individual comes within a class of remaindermen designated by will to take at the expiration of an intermediate or life estate. Haskell v. Wilmington Trust Co., 304 A.2d 53 (Del. 1973); Breckinridge v. Skillman's Trustee, 330 S.W.2d 726 (Ky. 1959); Commerce Trust Co. v. Weed, 318 S.W.2d 289 (Mo. 1958); In Re Sollid, 32 Wash. App. 349, 647 P.2d 1033 (1982); Wheeling Dollar Savings & Trust Co. v. Hanes, 160 W. Va. 711, 237 S.E.2d 499 (1977); Annot., 139 A.L.R. 1111-1117 (1947); Annot., 79 A.L.R.2d 1453 (1961); 80 Am.Jur.2d Wills § 1422 (1975); 96 C.J.S. Wills § 695(5)e (1957). See also Lewis v. Green, 389 So.2d 235 (Fla. 5th DCA 1980), petition for review denied, 397 So.2d 778 (Fla. 1981), where the court in dicta stated that the law in effect when the trust terminates will control the ultimate determination of the trust beneficiaries. Contra Warner v. First National Bank of Atlanta, 242 Ga. 661, 251 S.E.2d 511 (1978); Wallace v. Noland, 246 Ill. 535, 92 N.E. 956 (1910).
Notwithstanding, our first inclination was to select the date of Louis Martell's death as controlling because this was when the testamentary trust became effective. Sternberg v. Florida National Bank of Jacksonville, 114 Fla. 580, 154 So. 844 (1934). Though he may not have had any reason to consider it, the testator could be presumed to know that as of that date an *1067 adopted away child was still an heir of his natural parents and therefore a potential beneficiary under the trust. Yet, the testator must also be presumed to know that the law concerning inheritance by adopted children was subject to change, and he selected the date when the youngest named beneficiary reached forty years of age as the date upon which the beneficiaries were to be determined. By that time the legislature had decided as a matter of public policy that the inheritance of those who were natural heirs should not be diminished at the expense of one who is also entitled to inherit from his adoptive parents. Therefore, we hold that the controlling date for purposes of selecting the applicable law was May 7, 1981, the date upon which the trust terminated and the beneficiaries were determined.
Pursuant to section 63.172(1)(b), Florida Statutes (1979), the testator could have insured the inclusion of an adopted away child by making an appropriate reference in the provisions of the trust. Having failed to do so, the statute must be applied as written and Brice Robert Bishop is a stranger to his former relatives for all purposes including inheritance. Thus, he cannot inherit from the trust as a lineal descendant or issue of his natural grandfather, Arthur J. Landry.
The rationale set forth in Lewis v. Green, 389 So.2d 235 (Fla. 5th DCA 1980), petition for review denied, 397 So.2d 778 (Fla. 1981), in support of an adopted child's participation in the probate estate of his adopted parents is equally applicable in denying Brice Robert Bishop's participation in the subject testamentary trust:
The better view is that adopted children are the issue and the lineal descendants of their adopting parents for the purposes of inheriting under a will or trust instrument. In re Clancy's Estate, 159 Cal. App.2d 143, 323 P.2d 763 (2d DCA 1958); Merson v. Wood, 202 Va. 485, 117 S.E.2d 661 (1961); In re Will of Henderson, 64 Misc.2d 280, 314 N.Y.S.2d 766 (N.Y. Surrogate 1970); In re Thompson, 53 N.J. 276, 250 A.2d 393 (1969); In re Trusts Created Under Will of Adler, 30 Wis.2d 250, 140 N.W.2d 219 (1966). Courts look to the law of the applicable state at the time of termination of the prior life estate rather than the law at the time the will was written, or when the testator died, to determine the testator's intent to include or exclude adopted children. In re Estate of Moulton, 62 Cal. App.2d 1, 133 Cal. Rptr. 500 (4th DCA 1976). The explanation offered is that the testator must have known the laws of descent and inheritance would change over the duration of a long term trust.
In Florida, the legislature substantially revised the laws concerning adoption in current years. An adopted child is no longer the "heir" or "descendant" of the natural parent. The adopted child is transformed by legislative fiat to become the heir, issue and descendant of the adopting parent as well as the other members of the adopting family.
Id. at 241.
Moreover, we find section 63.172, Florida Statutes (1979), is not unconstitutional as applied to the instant case. A statute is not unconstitutionally retrospective in its operation unless it impairs a substantive, vested right. A substantive, vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment. City of Sanford v. McClelland, 121 Fla. 253, 163 So. 513 (1935); Division of Workers Compensation v. Brevda, 420 So.2d 887 (Fla. 1st DCA 1982). To be vested, a right must be more than a mere expectation based on anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand. Division of Workers Compensation v. Brevda. At the time of Brice Robert Bishop's adoption, his expectancy to share in the remaining assets of the trust was most uncertain. Upon termination of the trust, he would share in the proceeds only if he survived his natural grandfather and mother. This mere possibility of sharing in the trust proceeds in the future is hardly an interest of such substance *1068 as to be entitled to constitutional protection.
In reaching our decision we note apparent conflict with the holding of our sister court in Green v. Quincy State Bank, 368 So.2d 451 (Fla. 1st DCA 1979). In that case the trustor executed an inter vivos irrevocable trust on December 26, 1956. The trust instrument provided, among other matters, that if the trust beneficiary should die before attaining the age of forty years, the trust assets would be divided in equal shares, one share to each of his living children and one share to his surviving widow. The trust beneficiary had three children, one of whom was adopted away on February 17, 1972. The trust beneficiary died on June 9, 1977, prior to having attained the age of forty years, and was survived by a wife and three children (including the child who had been adopted away).
Under the law in effect at the time of the creation of the irrevocable trust, and at the time of the adoption, an adoptee inherited from his natural parents as well as his adoptive parents. Under the law in effect at the time of the termination of the trust, an adoptee no longer inherited from his natural parents. The First District Court of Appeal held that the determination of who would constitute a living child of the trust beneficiary under the terms of the irrevocable trust agreement must be determined by the law in effect when the agreement was executed. In refusing to apply the new law which had become effective by the time that the trust terminated, the court stated:
While it is true that each person is presumed to know the law, it may not be logically concluded that one is presumed to know that the Legislature will change a law dealing with the meaning of a sentence or clause contained in an irrevocable trust agreement. We do not perceive that the Legislature intended that the provisions of Chapter 73-159, Section 17[1] would have retroactive application. We base that conclusion upon the subsequent provision contained in Section 22[2] of said chapter that "any adoption made before the effective date of this act shall be valid, and any proceedings pending on the effective date of this act are not affected."
368 So.2d at 453.
We cannot agree with the court's reasoning in Green that section 22 precludes the *1069 application of section 17. Chapter 73-159, Laws of Florida, constituted a complete revision of section 63.011 through 63.291, Florida Statutes (1971). The plain meaning of section 17 was that all prior legal relationships between the adopted person and his natural relatives were to be terminated. Section 22 was merely intended to protect the validity of prior adoptions effectuated by former lawful procedures.
In summary, we hold that the law in effect when the Martell trust terminated controls the ultimate determination of trust beneficiaries. Since section 63.172, Florida Statutes (1979), was the law in effect when the testamentary trust terminated, Brice Robert Bishop was not entitled to a share in the trust assets which were to be distributed to his natural grandfather, Arthur J. Landry, per stirpes. Accordingly, the decision of the trial court is reversed.
BOARDMAN, A.C.J., and DANAHY, J., concur.
NOTES
[1] Chapter 73-159, § 17, Laws of Florida, provides:

Section 17. Effect of judgment of adoption. 
(1) A judgment of adoption, whether entered by a court of this state, another state, or of any other place, has the following effect:
(a) It relieves the natural parents of the adopted person, except a natural parent who is a petitioner, of all parental rights and responsibilities; and
(b) It terminates all legal relationships between the adopted person and his relatives, including his natural parents, except a natural parent who is a petitioner, so that the adopted person thereafter is a stranger to his former relatives for all purposes, including inheritance and the interpretation or construction of documents, statutes, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly include the adopted person by name or by some designation not based on a parent and child or blood relationship; and
(c) It creates the relationship between the adopted person and the petitioner and all relatives of the petitioner that would have existed if the adopted person were a legitimate blood descendant of the petitioner. This relationship shall be created for all purposes, including inheritance and applicability of statutes, documents, and instruments, whether executed before or after entry of the adoption judgment, that do not expressly exclude an adopted person from their operation or effect.
(2) If a parent of a child dies without the relationship of parent and child having been previously terminated and a spouse of the living parent thereafter adopts the child, the child's right of inheritance from or through the deceased parent is unaffected by the adoption.
This statute with slight variation appears as section 63.172, Florida Statutes (1979).
[2] Chapter 73-159, § 22, Laws of Florida, provides:

Section 22. Effect on prior adoption proceedings.  Any adoption made before the effective date of this act shall be valid and any proceedings pending on the effective date of this act are not affected thereby.
This provision appears as section 63.222, Florida Statutes (1979).