515 So.2d 1275 (1987)
Alberto CLAUSELL, et al., Petitioners,
v.
HOBART CORPORATION, Respondent.
No. 70566.
Supreme Court of Florida.
December 3, 1987.
Joel S. Perwin of Podhurst, Orseck, Parks, Josefsberg, Eaton, Meadow & Olin, P.A., and Spence, Payne, Masington, Grossman & Needle, P.A., Miami, for petitioners.
James E. Tribble and Anthony D. Dwyer of Blackwell, Walker, Fascell & Hoehl, Miami, for respondent.
GRIMES, Justice.
We review Clausell v. Hobart Corp., 506 So.2d 1160 (Fla. 3d DCA 1987), to answer three certified questions of great public importance. Art. V, § 3(b)(4), Fla. Const. The certified questions are as follows:
I. WHETHER THE LEGISLATIVE AMENDMENT OF SECTION 95.031(2), FLORIDA STATUTES (1983), ABOLISHING THE STATUTE OF REPOSE IN PRODUCT LIABILITY ACTIONS, SHOULD BE CONSTRUED TO OPERATE RETROSPECTIVELY AS TO A CAUSE OF ACTION WHICH ACCRUED BEFORE THE EFFECTIVE DATE OF THE AMENDMENT?
II. IF NOT, WHETHER THE DECISION OF PULLUM v. CINCINNATI, INC., 476 So.2d 657 (FLA. 1985), APPEAL DISMISSED, 475 U.S. 1114, 106 S.CT. 1626, 90 L.ED.2D 174 (1986), WHICH OVERRULED BATTILLA v. ALLIS CHALMERS MFG. CO., 392 So.2d 874 (FLA. 1980), APPLIES SO AS TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION?
III. WOULD THE APPLICATION OF PULLUM, TO BAR A CAUSE OF ACTION THAT ACCRUED AFTER THE BATTILLA DECISION BUT BEFORE THE PULLUM DECISION, DEPRIVE THE PLAINTIFF OF A RIGHT OF DUE PROCESS GUARANTEED BY THE UNITED STATES CONSTITUTION?
Id. at 1160-61. We recently answered the first question in the negative and the second question in the affirmative in Melendez v. Dreis & Krump Manufacturing Co., 515 So.2d 735 (Fla. 1987).
With reference to the third certified question, Clausell argues that the retroactive application of Pullum to his cause of action violates his right to due process under the United States Constitution. We find this claim unfounded. Several years ago in Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 88, 98 S.Ct. 2620, 2638, 57 L.Ed.2d 595 (1978), the United States Supreme Court noted that "[o]ur cases have clearly established that `[a] person has no property, no vested interest, in any rule of the common *1276 law.'" See also Ducharme v. Merrill-National Laboratories, 574 F.2d 1307, 1309 (5th Cir.), cert. denied, 439 U.S. 1002, 99 S.Ct. 612, 58 L.Ed.2d 677 (1978) ("it is well settled that a plaintiff has no vested right in any tort claim for damages under state law"). More recently, in Logan v. Zimmerman Brush Co., 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), the Court acknowledged that a cause of action is a species of property but pointed out that the state remained free to create substantive defenses or immunities for use in adjudication.
The Federal District Court in Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F. Supp. 1144 (S.D.Fla. 1986), rejected the very argument advanced by Clausell when it stated:
While the instant Plaintiff correctly posits that a statute may not be retroactively applied to deprive a party of a vested right, such a situation simply does not exist here. "A statute is not unconstitutionally retrospective in its operation unless it impairs a substantive, vested right. A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment." In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984). "To be vested a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand." Division of Workers' Compensation v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982) (emphasis added). The Plaintiff in the instant case had no vested contract or property right prior to the Pullum decision; instead Plaintiff was merely pursuing a common law tort theory to recover damages.
631 F. Supp. at 1149.
Another federal district court reached the same conclusion in Eddings v. Volkswagenwerk, A.G., 635 F. Supp. 45 (N.D.Fla. 1986), when it said:

Pullum, receding from Battilla, held the statute was not unconstitutional. No cause of action was created by the statute and Battilla vested in plaintiffs no cause of action. It removed the bar of the statute to plaintiffs' assertion of a cause of action. But plaintiffs had, at most, a mere expectation that they had a cause of action they could pursue, and a subsequent decision, holding the statute to be constitutional, could not and does not deprive them of any vested rights.
Id. at 47.
Section 95.031 provided a defense to a cause of action rather than creating a cause of action. In Battilla the court simply held section 95.031(2) unconstitutional as applied to the facts of that case. When Pullum was decided, the statute became valid ab initio and was restored to its operative force. Since Clausell had no vested right in his cause of action, he suffered no deprivation of due process under the United States Constitution. Consequently, we answer the third certified question in the negative and approve the decision of the district court of appeal.
It is so ordered.
McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT and KOGAN, JJ., concur.