949 So.2d 279 (2007)
DAIMLERCHRYSLER CORPORATION, Petitioner,
v.
Beatrice HURST, as Personal Representative of the Estate of Kenneth Hurst, et al., Respondents.
No. 3D06-2593.
District Court of Appeal of Florida, Third District.
February 7, 2007.
*281 Bell & Melamed and Jeffrey M. Bell, Fort Lauderdale, for petitioner.
David M. Lipman and Rebecca S. Shull and Marisol Estevez, Miami; Jonathan Ruckdeschel, Maryland, for respondents.
Ullman, Bursa, Hoffman & Ragano and Daniel S. Green; Fowler, White, Boggs & Banker and Tracy Raffles Gunn, Tampa, for Florida Defense Lawyers Association, as amicus curiae.
Shook, Hardy & Bacon and Frank Cruz-Alvarez, Miami, for The Associated Industries of Florida, American Insurance Association, Chamber of Commerce of the United States of America, American Tort Reform Association, American Chemistry Council, and National Association of Manufacturers, as amicus curiae.
Before WELLS, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, DaimlerChrysler Corporation ("DCC"), sought dismissal in the trial court of the plaintiffs' asbestos claim based upon the plaintiffs' failure to satisfy the "prima facie" requirement under section 774.204(3) of the Asbestos and Silica Compensation Fairness Act ("the Act"). The trial court denied DCC's motion, finding section 774.201, et seq., Florida Statutes (2005), "unconstitutionally retroactive as applied" to the plaintiffs, Beatrice Hurst, as Personal Representative of the Estate of Kenneth Hurst, et al. (collectively referred to as "the plaintiff"), thereby relieving the plaintiff's compliance with the requirements of the Act. DCC petitions this court for a writ of certiorari, seeking quashal of the denial of its motion to dismiss and the trial court's findings regarding the constitutionality of the Act. We grant DCC's petition, quash the order under review, and remand for further proceedings.

*282 PROCEDURAL HISTORY
In August 2004, Kenneth Hurst ("Mr. Hurst") was diagnosed with lung cancer. Although Mr. Hurst was previously a smoker, he had not smoked cigarettes for approximately thirteen years prior to the diagnosis of his lung cancer. In November 2004, Mr. Hurst filed suit against DCC and other defendants, alleging that he was exposed to asbestos and the exposure to asbestos caused his lung cancer. In April 2005, Mr. Hurst died of lung cancer. Thereafter, Mr. Hurst's wife, Beatrice Hurst, as Personal Representative of the Estate of Kenneth Hurst, et al., was substituted as the plaintiff.
Section 774.204(3) of the Act provides that "[a] person who is a smoker may not file or maintain a civil action alleging an asbestos claim which is based upon cancer of the lung, larynx, pharynx, or esophagus in the absence of a prima facie showing that includes all of the following requirements:. . . ." (emphasis added).[1] DCC moved to dismiss the lawsuit based upon the plaintiff's failure to provide evidence satisfying the "prima facie" showing under this section of the Act. At the hearing on DCC's motion, the plaintiff conceded that she could not satisfy the Act's prima facie showing, and argued that the Act's retroactive application to her claim violated her due process rights and was, therefore, unconstitutional.
The trial court found that the plaintiff had a "vested right which cannot be altered by legislation like the instant Act." The trial court, therefore, concluded that "the Act is unconstitutionally retroactive as applied to the [plaintiff]" and denied DCC's motion to dismiss.
*283 In its petition for writ of certiorari, DCC does not assert that the trial court failed to afford it procedural due process. Thus, we must determine whether the trial court departed from the essential requirements of law in denying DCC's motion to dismiss. Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003)(stating that certiorari review is "limited to those instances where the lower court did not afford procedural due process or departed from the essential requirements of law"). However, "[a] district court should exercise its discretion to grant certiorari review only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Kaklamanos, 843 So.2d at 889 (citing Ivey v. Allstate Ins. Co., 774 So.2d 679, 682 (Fla.2000)). Furthermore, validly enacted statutes are presumed constitutional, see Chicago Title Ins. Co. v. Butler, 770 So.2d 1210, 1214 (Fla.2000), and the issue of whether a statute is constitutional is a question of law. See Caribbean Conservation Corp., Inc. v. Fla. Fish & Wildlife Conservation Comm'n, 838 So.2d 492, 500 (Fla.2003).
DCC contends that the trial court violated clearly established law by finding that the retroactive application of the Act is violative of the plaintiff's due process rights. We agree. As the plaintiff concedes that she cannot satisfy the "prima facie showing" of section 774.204(3), Florida Statutes (2005), we grant the petition, quash the order under review, and remand to the trial court for entry of an order granting DCC's motion to dismiss.

LEGAL ANALYSIS
The Florida Legislature recognized that "exposure to asbestos has created a flood of litigation in state and federal courts that the United States Supreme Court in Ortiz v. Fibreboard Corporation, [527 U.S. 815, 821,] 119 S.Ct. 2295, 2302, 144 L.Ed.2d 715 (1999), has characterized as an `elephantine mass' of cases that `defies customary judicial administration'. . . ." H.R. 1019, 2005 Leg., Reg. Sess. (Fla.2005), Ch.2005-274, at 2563, Laws of Fla. Additionally, the legislature recognized that "the vast majority of asbestos claims are filed by individuals who allege they have been exposed to asbestos and who may have some physical sign of exposure but who suffer no present asbestos-related impairment. . . ." H.R. 1019, 2005 Leg., Reg. Sess. (Fla. 2005), Ch.2005-274, at 2564, Laws of Fla. Thus, the legislature provided that the Act, which became effective on July 1, 2005,[2] applies to all asbestos claims "in which trial has not commenced as of [July 1, 2005]."
The stated purpose of the Act is set forth in section 774.202, Florida Statutes (2005), as follows:
Purpose.  It is the purpose of this act to:
(1) Give priority to true victims of asbestos and silica, claimants who can demonstrate actual physical impairment caused by exposure to asbestos or silica;
(2) Fully preserve the rights of claimants who were exposed to asbestos or silica to pursue compensation if they become impaired in the future as a result of the exposure;
(3) Enhance the ability of the judicial system to supervise and control asbestos and silica litigation; and
(4) Conserve the scarce resources of the defendants to allow compensation to cancer victims and others who are physically impaired by exposure to asbestos or silica while securing the right to similar *284 compensation for those who may suffer physical impairment in the future.
In an attempt to achieve its stated purpose, the legislature enacted section 774.204(3)(a), Florida Statutes (2005), which provides that "[a] person who is a smoker may not file or maintain a civil action alleging an asbestos claim which is based upon cancer of the lung . . . in the absence of a prima facie showing that includes," in part, "[a] diagnosis by a qualified physician . . . that exposure to asbestos was a substantial contributing factor to the condition."[3] The Act clearly provides that the statute of limitations period "does not begin to run until the exposed person discovers, or through the exercise of reasonable diligence should have discovered, that he or she is physically impaired by an asbestos-related or silica-related condition," § 774.206(1), Fla. Stat. (2005), thereby protecting individuals who have been exposed to asbestos, but may not manifest an asbestos-related injury for numerous years.
While the plaintiff's argument before the trial court was that the Act's retroactive application was unconstitutional as applied to her case, she has taken a broader position before this court, arguing that the Act's retroactive application would be unconstitutional as applied to any individual who was exposed to asbestos prior to the enactment of the Act, even if the asbestos-related injury does not manifest itself until some time in the future, well after the Act's effective date. As the plaintiff argued below that the Act was unconstitutional as applied to her case, we must determine whether the Act divested Mr. Hurst (and now his estate) of a vested right, in violation of the plaintiff's due process rights.
The Florida Supreme Court in Metropolitan Dade County v. Chase Federal Housing Corp., 737 So.2d 494 (Fla. 1999), clearly articulated the standard upon which retroactive application of a statute must be analyzed:
Two interrelated inquiries arise when determining whether statutes should be retroactively applied. The first inquiry is one of statutory construction: whether there is clear evidence of legislative intent to apply the statute retrospectively. If the legislation clearly expresses an intent that it apply retroactively, then the second inquiry is whether retroactive application is constitutionally permissible.
Id. at 499 (citations omitted); see also Promontory Enters., Inc. v. S. Eng'g & Contracting, Inc., 864 So.2d 479, 483 (Fla. 5th DCA 2004)("It is firmly established that a statute may be retroactively applied if: 1) there is clear evidence that the Legislature intended to apply the statute retroactively; and 2) retroactive application is constitutionally permissible."). "The general rule is that in the absence of clear legislative intent to the contrary, a law affecting substantive rights, liabilities and duties is presumed to apply prospectively." Chase Federal, 737 So.2d at 499 (citations omitted).
In the instant case, the parties acknowledge that the legislature clearly intended for the Act to apply retroactively. See H.R. 1019, 2005 Leg., Reg. Sess. (Fla. 2005), Ch.2005-274, § 10, at 2564, Laws of Fla. ("Therefore, the act shall apply to any civil action asserting an asbestos claim in which trial has not commenced as of the effective date of this act."). As it is clear that the legislature intended that the Act *285 be applied retroactively, we need not perform a statutory construction analysis. Our review is, therefore, limited to resolving the question of whether the retroactive application of the Act is constitutionally permissible.
We begin our constitutional analysis by recognizing that the retrospective application of a legislative act is not necessarily invalid. It is when the retroactive application of a statute impairs vested rights, creates new obligations, or imposes new penalties, that the courts have found the statute to be unconstitutional.
A retrospective provision of a legislative act is not necessarily invalid. It is so only in those cases wherein vested rights are adversely affected or destroyed or when a new obligation or duty is created or imposed, or an additional disability is established, on connection with transactions or considerations previously had or expiated. McCord v. Smith, 43 So.2d 704, 708-09 (Fla.1949); cf. Laforet, 658 So.2d at 61.[4] Generally, due process considerations prevent the State from retroactively abolishing vested rights. See Knowles, 402 So.2d at 1158.[5] Thus, retroactive abolition of substantive vested rights is prohibited by constitutional due process considerations. See Rupp v. Bryant, 417 So.2d 658, 665-66 (Fla.1982).
Chase Federal, 737 So.2d at 503; see also State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55, 61 (Fla.1995)("Even when the Legislature does expressly state that a statute is to have retroactive application, this Court has refused to apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties."); Basel v. McFarland & Sons, Inc., 815 So.2d 687, 692 (Fla. 5th DCA 2002)("Even when the legislature expressly states that a statute is to have retroactive application, courts will refuse to apply the statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties.").
The legislature in enacting the Act claimed that the Act does not "impair vested rights" because "the [A]ct expressly preserves the right of all injured persons to recover full compensatory damages for their loss." H.R. 1019, 2005 Leg., Reg. Sess. (Fla.2005), Ch.2005-274, § 10, at 2564, Laws of Fla.[6]
The plaintiff, however, argues that the retroactive application of that portion of the Act, section 774.204(3), which requires that she make a prima facie showing that her husband's exposure to asbestos was a substantial contributing factor to his condition (lung cancer) to maintain her cause of action against DCC, divests her of a substantive vested right. We disagree.
"A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment." Clausell v. Hobart Corp., 515 So.2d 1275, 1276 (Fla.1987)(quoting In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984)). "To be vested[,] a right must be *286 more than a mere expectation based on an anticipation of the continuance of an existing law. . . ." Clausell, 515 So.2d at 1276 (Fla.1987)(quoting Div. of Workers' Comp., Bureau of Crimes Comp. v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982))(quoting Aetna Ins. Co. v. Richardelle, 528 S.W.2d 280, 284 (Tex.Civ.App.1975))(emphasis added); see also Notami Hosp. of Fla., Inc. v. Bowen, 927 So.2d 139, 143 (Fla. 1st DCA 2006).
In Clausell, the Florida Supreme Court addressed whether the retroactive application of one of its decisions to the plaintiff's products liability cause of action, violated the plaintiff's due process rights. In 1980, the Florida Supreme Court held in Battilla v. Allis Chalmers Manufacturing Co., 392 So.2d 874 (Fla.1980), that the twelve-year statute of repose in products liability actions, section 95.031(2), Florida Statutes (1975), was unconstitutional as applied because it denied access to the courts. Thus, when Mr. Clausell's products liability action accrued in 1982, the twelve-year statute of repose was inapplicable, as it had been declared unconstitutional in Battilla in 1980. In 1985, however, the Florida Supreme Court in Pullum v. Cincinnati, Inc., 476 So.2d 657 (Fla.1985), held that the statute of repose in products liability actions was constitutional, thereby receding from its earlier decision in Battilla. As a result of the retroactive application of the Pullum decision, Mr. Clausell's products liability action was barred based on the statute of repose.
The Florida Supreme Court in Clausell found that the retroactive application of the Pullum decision did not violate Mr. Clausell's due process rights, as "Clausell had no vested right in his cause of action," and therefore, "suffered no deprivation of due process under the United States Constitution." Clausell, 515 So.2d at 1276. In support of its finding, the Court relied upon Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F.Supp. 1144 (S.D.Fla.1986), which held as follows:
While the instant Plaintiff correctly posits that a statute may not be retroactively applied to deprive a party of a vested right, such a situation simply does not exist here. "A statute is not unconstitutionally retrospective in its operation unless it impairs a substantive, vested right. A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment." In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984). "To be vested[,] a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand." Division of Workers' Compensation v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982)(emphasis added). The Plaintiff in the instant case had no vested contract or property right prior to the Pullum decision; instead Plaintiff was merely pursuing a common law tort theory to recover damages.
Clausell, 515 So.2d at 1276 (quoting Lamb, 631 F.Supp. at 1149).
In the instant case, when the plaintiff filed her asbestos claim against DCC in November 2004, she was pursuing a common law tort theory. As recognized in Duke Power Co. v. Carolina Environmental Study Group, Inc., 438 U.S. 59, 88 n. 32, 98 S.Ct. 2620, 57 L.Ed.2d 595 (1978),
[o]ur cases have clearly established that a person has no property, no vested interest, in any rule of the common law. The Constitution does not forbid the creation of new rights, or the abolition of old ones recognized by the common law, to attain a permissible legislative object, *287 despite the fact that otherwise settled expectations may be upset thereby.
(Quotations, citations, and alterations omitted).
In 2005, the legislature enacted the Act which set forth specific requirements for filing or maintaining asbestos claims. Prior to the enactment of the Act, the plaintiff had, at most, a "mere expectation" that the common law would not be altered by legislation. Lamb, 631 F.Supp. at 1149 (recognizing that for a right to be vested, it "must be more than a mere expectation based on an anticipation of the continuance of an existing law"). Thus, the plaintiff did not have a vested right in her common law asbestos claim.
The plaintiff's expectancy is clearly distinguishable from those situations which involve a vested right. See Forbes Pioneer Boat Line v. Bd. of Comm'rs of Everglades Drainage Dist., 258 U.S. 338, 339, 42 S.Ct. 325, 66 L.Ed. 647 (1922)(holding that the "legislature [could not] take away from a private party a right to recover money that is due when the [legislative] act is passed"); State, Dep't of Transp. v. Knowles, 402 So.2d 1155 (Fla.1981)(holding that a statute granting state employees immunity from tort liability for negligent acts in the course of their employment could not constitutionally be applied to defeat a judgment against an employee that was obtained prior to the effective date of the statute); City of Sanford v. McClelland, 121 Fla. 253, 163 So. 513 (1935)(holding that a vested right under a judgment levy could not be abrogated by a subsequently enacted statute).
Although we have concluded that the plaintiff does not have a "vested right" in her common law cause of action against DCC, we also address DCC's assertion that the trial court departed from the essential requirements of law by not finding that the Act is procedural in nature and, therefore, may be applied retroactively. See Village of El Portal v. City of Miami Shores, 362 So.2d 275, 278 (Fla.1978)(noting that procedural statutes "do not fall within the constitutional prohibition against retroactive legislation and they may be held immediately applicable to pending cases"); see also McCord v. Smith, 43 So.2d 704, 709 (Fla.1949). "[S]ubstantive law prescribes duties and rights and procedural law concerns the means and methods to apply and enforce those duties and rights." Alamo Rent-A-Car, Inc. v. Mancusi, 632 So.2d 1352, 1358 (Fla.1994); see also Shaps v. Provident Life & Accident Ins. Co., 826 So.2d 250, 254 (Fla.2002); Life Care Ctrs. of Am., Inc. v. Sawgrass Care Ctr., Inc., 683 So.2d 609, 613 (Fla. 1st DCA 1996).
Section 774.204(3) does not impair or eliminate the plaintiff's right to sue for asbestos-related injuries. Rather, section 774.204(3) sets forth the procedures a plaintiff must follow to file or maintain an asbestos cause of action when the alleged injured person is/was a smoker with lung cancer. This section sets forth the plaintiff's burden of proof ("[a] person who is a smoker may not file or maintain a civil action alleging an asbestos claim which is based upon cancer of the lung . . . in the absence of a prima facie showing that includes," in part, "[a] diagnosis by a qualified physician . . . that exposure to asbestos was a substantial contributing factor to the condition"), and shifts the timing of when the plaintiff must present evidence that exposure to asbestos substantially contributed to the alleged injury. As section 774.204(3) of the Act merely affects the means and methods the plaintiff must follow when filing or maintaining an asbestos cause of action, the provision is procedural in nature, and may be applied retroactively. See Shaps, 826 So.2d at 254 (recognizing that "generally in Florida the *288 burden of proof is a procedural issue"); Stuart L. Stein, P.A. v. Miller Indus., Inc., 564 So.2d 539, 540 (Fla. 4th DCA 1990)(holding that "increasing the burden of proof to a `clear and convincing' standard did not amount to a substantive change in the statutory scheme" and therefore, may be applied retroactively).
Based upon our findings and analysis, we do not need to address the remaining arguments raised by DCC. Accordingly, we grant the petition for writ of certiorari, quash the order under review, and remand for entry of an order granting DCC's motion to dismiss.
Petition granted.
NOTES
[1] The requirements listed under section 774.204(3), Florida Statutes (2005), are as follows:

(a) A diagnosis by a qualified physician who is board certified in pathology, pulmonary medicine, or oncology, as appropriate for the type of cancer claimed, of a primary cancer of the lung, larynx, pharynx, or esophagus, and that exposure to asbestos was a substantial contributing factor to the condition.
(b) Evidence sufficient to demonstrate that at least 10 years have elapsed between the date of first exposure to asbestos and the date of diagnosis of the cancer.
(c) Radiological or pathological evidence of asbestosis or diffuse pleural thickening or a qualified physician's diagnosis of asbestosis based on a chest X ray graded by a certified B-reader as at least 1/0 on the ILO scale and high-resolution computed tomography supporting the diagnosis of asbestosis to a reasonable degree of medical certainty.
(d) Evidence of the exposed person's substantial occupational exposure to asbestos. If a plaintiff files a civil action alleging an asbestos-related claim based on cancer of the lung, larynx, pharynx, or esophagus, and that plaintiff alleges that his or her exposure to asbestos was the result of extended contact with another exposed person who, if the civil action had been filed by the other exposed person, would have met the substantial occupational exposure requirement of this subsection, and the plaintiff alleges that he or she had extended contact with the exposed person during the time period in which that exposed person met the substantial occupational exposure requirement of this subsection, the plaintiff has satisfied the requirements of this paragraph. The plaintiff in such a civil action must individually satisfy the requirements of this subsection.
(e) If the exposed person is deceased, the qualified physician, or someone working under the direct supervision and control of a qualified physician, may obtain the evidence required in paragraphs (b) and (d) from the person most knowledgeable about the alleged exposures that form the basis of the asbestos claim.
(f) A conclusion by a qualified physician that the exposed person's medical findings and impairment were not more probably the result of causes other than the asbestos exposure revealed by the exposed person's employment and medical history. A conclusion that the medical findings and impairment are "consistent with" or "compatible with" exposure to asbestos does not meet the requirements of this subsection.
[2] H.R. 1019, 2005 Leg., Reg. Sess. (Fla.2005), Ch.2005-274, § 10, at 2579, Laws of Fla.
[3] The Act defines "smoker" as "a person who has smoked cigarettes or used other tobacco products on a consistent and frequent basis within the last 15 years." § 774.203(29), Fla. Stat. (2005).
[4] State Farm Mut. Auto. Ins. Co. v. Laforet, 658 So.2d 55 (Fla.1995).
[5] State, Dep't of Transp. v. Knowles, 402 So.2d 1155 (Fla.1981).
[6] Chapter 2005-274, section 10, provides as follows:

This act shall take effect July 1, 2005. Because the act expressly preserves the right of all injured persons to recover full compensatory damages for their loss, it does not impair vested rights. In addition, because it enhances the ability of the most seriously ill to receive a prompt recovery, it is remedial in nature. Therefore, the act shall apply to any civil action asserting an asbestos claim in which trial has not commenced as of the effective date of this act.