992 So.2d 353 (2008)
The SCHOOL BOARD OF MIAMI-DADE COUNTY, Florida, Appellant,
v.
Eric CARRALERO, Appellee.
No. 3D08-1101.
District Court of Appeal of Florida, Third District.
October 1, 2008.
Rehearing Denied October 31, 2008.
*354 Janeen Richard and Luis M. Garcia, Tavernier, for appellant.
Jay M. Levy, Miami, for appellee.
Before WELLS, SUAREZ, and CORTIAS, JJ.
WELLS, Judge.
The School Board of Miami-Dade County appeals from an order denying its motion to dissolve a temporary injunction which precludes the School Board from barring Eric Carralero, the plaintiff below, from entering onto School Board property. We reverse because Carralero failed to demonstrate a substantial likelihood of prevailing on the merits. See Cordis Corp. v. Prooslin, 482 So.2d 486, 489-90 (Fla. 3d DCA 1986) ("Generally, a party seeking a temporary injunction must establish: (1) a likelihood of irreparable harm and the unavailability of an adequate remedy at law; (2) a substantial likelihood of success on the merits; (3) that the threatened injury to the petitioner outweighs any possible harm to the respondent, and (4) that the granting of a temporary injunction will not disserve the public interest.") (footnote omitted). The facts are as follows:
In March 1996, Carralero, an AT & T employee whose job responsibilities included working on public school property when students were present, pled nolo contendere to a child abuse charge. Eight years later, the Florida Legislature began enacting a series of laws adding contractual personnel like Carralero to those persons required to undergo level 2 criminal background screenings as a condition to gaining access to public school grounds. In 2004, section 1012.465(1), Florida Statutes (2004), was enacted to require that "[n]oninstructional... contractual personnel who have direct contact with students ... meet level 2 screening requirements." The following year, section 1012.465(1), Florida Statutes (2005), was enacted expanding the mandate for level 2 screenings to individuals who "are permitted access on school grounds when students are present." In 2007, the Legislature removed non-instructional contractors such as Carralero from the scope of section 1012.465 and placed them under newly enacted section 1012.467. This provision required criminal background screenings for non-instructional contractors; disqualified those found to have been "convicted" of certain charges, including child abuse; and, by reference to section 943.0435 of the Florida Statutes, defined the term "convicted" for the purposes of this provision as including a nolo contendere plea regardless of whether adjudication was withheld. ß 1012.467, Fla. Stat. (2007).
As required, Carralero underwent a level 2 criminal background screening and in August 2006 was notified that he would no longer have access to school property because of his 1996 nolo contendere plea to a charge of child abuse. That determination was upheld by the School Board in March *355 2007, and Carralero later was fired by AT & T, his employer.
Carralero seeks to have these provisions declared unconstitutional as applied to him, claiming that they retroactively convert his nolo contendere plea into a conviction thereby depriving him of "his vested rights" to come onto School Board property:
At the time of Plaintiff's nolo contendere plea in 1996, neither ß 1012.465, ß 1012.467 nor level 2 screening requirements existed and his plea of nolo contendere carried with it no consequences other than those explained during the plea bargain colloquy. 8 years later, the Legislature enacted ß 1012.465, Fla. Stat., which changed the nature of a nolo contendere plea, because the statute indicated that for the first time a plea of nolo contendere was considered a conviction for the crime of child abuse which caused Plaintiff to fail the level 2 screening requirement. Since Plaintiff's plea of nolo contendere predates the enactment of ß 1012.465, Fla. Stat. (2005) and ß 1012.467, Fla. Stat. (2005) [sic], the case at bar necessarily raises issues relating to retroactive application of these statutes to the Plaintiff's plea of nolo contendere....
....
Here the retroactive application of these statutes creates new obligations and imposes new penalties. In the case at bar, the application of these statutes to Plaintiff imposes a new penalty and impairs his vested rights because it prevents him from ever coming on school grounds as a contractor or contractor's employee. For this reason, these statutes can never be retroactively applied to Plaintiff.
(Footnote and citations omitted).
Based on this claim, the court below enjoined the School Board from "barring, banning, or otherwise prohibiting Plaintiff ERIC CARRELRO [sic] access to the premises, facilities, buildings, and properties of the Miami-Dade County School Board in order to perform his job duties with [AT & T]." We reverse the order denying the School Board's motion to dissolve this injunction because Carralero has failed to demonstrate any vested right that has been affected by application of these provisions to him.
"`A statute is not unconstitutionally retrospective in its operation unless it impairs a substantive, vested right. A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment. In re Will of Martell, 457 So.2d 1064, 1067 (Fla. 2d DCA 1984).'" Clausell v. Hobart Corp., 515 So.2d 1275, 1276 (Fla.1987) (quoting Lamb v. Volkswagenwerk Aktiengesellschaft, 631 F.Supp. 1144, 1149 (S.D.Fla. 1986)). "`To be vested a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand.' Division of Workers' Compensation v. Brevda, 420 So.2d 887, 891 (Fla. 1st DCA 1982) (emphasis added)." Clausell, 515 So.2d at 1276 (quoting Lamb, 631 F.Supp. at 1149).
Here, in identifying Carralero's vested right, the trial court referred to Carralero's "loss of a job" and Carralero's "right to come on the School Board's property." However, the School Board neither terminated Carralero's employment with AT & T, nor demanded that his employment be terminated. And, neither the order under review, nor Carralero, cite a basis for claiming a vested right to go onto school grounds. Rather, it appears that it has always been left to the School Board's discretion whether to allow a workman *356 such as Carralero to enter onto school property. See ß 810.097(1)(a), Fla. Stat. (2008) (authorizing school authorities to deny access to School Board property to any person who "[d]oes not have legitimate business on the campus or any other authorization, license, or invitation to enter or remain upon school property"); see also ß 228.091, Fla. Stat. (1996) (same).
Because Carralero has failed to demonstrate that the School Board's actions divested him of a "right of present enjoyment, or a present fixed right of future enjoyment," Clausell, 515 So.2d at 1276 (quoting Lamb, 631 F.Supp. at 1149), he has not satisfied the requirements necessary for issuance of an injunction. Accordingly, we reverse the order denying the School Board's motion to dissolve the temporary injunction and remand for further proceedings consistent with this opinion.[1]
NOTES
[1] While the School Board raises a number of arguments as to why the injunction granted cannot stand, including which year's screening provisions apply to Carralero, the resolution of this controversy on this most basic missing element leaves no necessity for further discussion.