# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2024-1371
_____

MICHAEL STOCKDALE, Former
Husband,

Appellant,

v.

KELLIE MICHELLE STOCKDALE,
Former Wife,

Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
Darlene F. Dickey, Judge.

April 9, 2025

ROWE, J.

Former Husband, Michael Stockdale, appeals the final judgment dissolving his marriage to Former Wife, Kellie Michelle Stockdale. Former Husband argues that the circuit court erred when it awarded permanent alimony to Former Wife. He argues that the petition for dissolution was still "pending" on July 1, 2023, when the amendments to section 61.08, Florida Statutes (2023), eliminating permanent alimony for both "pending" and future cases, became effective. We agree and reverse the final judgment.

In 2020, Former Wife petitioned to dissolve the parties' almost twenty-year marriage and sought permanent alimony. The parties consented to referring the matter to a general magistrate. The magistrate conducted a hearing that began on March 6, 2023, was continued, and ended on May 26, 2023. Months later, on August 15, 2023, the magistrate submitted a recommended order to the circuit court that included a recommendation the circuit court award permanent alimony to Former Wife.

Former Husband moved to vacate the recommended order, arguing that the 2023 amendments to the alimony statute eliminated permanent alimony for all petitions still pending after July 1, 2023, and that the petition was still "pending" because no final judgment had been entered. Former Wife responded that the petition was no longer pending after the general magistrate completed the hearing on May 26, 2023.

The trial court denied Former Husband's motion to vacate. Then, on September 14, 2023, the trial court adopted the magistrate's recommended order. But the trial court later vacated its order denying the motion to vacate and set a hearing on the motion. On December 7, 2023, the trial court again denied Former Husband's motion to vacate. The court concluded that Former Wife had a substantive right to permanent alimony that vested at the time of the final hearing, which concluded before July 1, 2023. The trial court entered a final judgment on March 13, 2024, and adopted the magistrate's recommended order resolving all issues raised in the petition. Former Husband timely appealed.

In 2023, the Legislature passed the alimony reform bill, which, among other changes, eliminated permanent alimony. *See* Ch. 2023-315, Laws of Fla. The amended statute limited the forms of alimony to temporary, bridge-the-gap, rehabilitative, and durational. § 61.08(1)(a), Fla. Stat. (2023). The Legislature specified that the amendment applied "to all initial petitions for dissolution of marriage or support unconnected with dissolution of marriage **pending or filed on or after July 1, 2023**." § 61.08(11), Fla. Stat. (emphasis supplied). Thus, the question is what does it mean under the statute for a petition for dissolution of marriage to be "pending"? We review this pure question of law de novo. *See Bionetics Corp. v. Kenniasty*, 69 So. 3d 943, 947 (Fla. 2011).

2

The term "pending" is not defined in the statute or anywhere else in chapter 61. "When a contested term is undefined in statute or by our cases, we presume that the term bears its ordinary meaning at the time of enactment, taking into consideration the context in which the word appears." *Conage v. United States*, 346 So. 3d 594, 599 (Fla. 2022). We consider judicial constructions of a contested term because, when there is a common judicial usage of a term, the Legislature is presumed to know the judicial construction of a term when it enacts a new law. *Sheffield v. R.J. Reynolds Tobacco Co.*, 329 So. 3d 114, 123 (Fla. 2021).

Although this court and others have addressed generally and in different contexts what it means for **an action** to be pending, this court has not addressed the meaning of the term "pending" as used to modify the term "petition" in section 61.08(11). *See Wilson v. Clark*, 414 So. 2d 526, 530 (Fla. 1st DCA 1982) (explaining that "[t]he general rule is that an action remains pending in the trial court until after a final judgment and such time as an appeal is taken or time for an appeal expires. . . [when] an appeal is taken, the action is still pending until final disposition"). Although another district court recently relied on this court's decision in *Wilson* when construing the meaning of the word "pending" in section 61.08(11), we find that *Wilson* has no application to our determination of what it means for **a petition for dissolution** to be "pending" under chapter 61. *See Woodward v. Woodward*, No. 2D2023-0529, 2025 WL 258917 (Fla. 2d DCA Jan. 22, 2025) (citing *Wilson* and holding that a dissolution petition was pending within the meaning of section 61.08(11), Florida Statutes (2023), when the final judgment was entered on February 17, 2023, but the appeal was pending in the district court on July 1, 2023). *Wilson* addressed only what it means for **an action** to be pending, and did so in the context of an action for cancellation and rescission of a lease. 414 So. 2d at 530. *Wilson* thus provides no guidance on the meaning of the word "pending" in the alimony statute.

Having determined there is no statutory definition or judicial construction of the term "pending" within the context of chapter 61, we presume that the term bears its ordinary meaning at the time it was enacted. *Conage*, 346 So. 3d at 599. To determine the ordinary meaning of a statutory term, courts regularly consult dictionaries. *See, e.g.*, *B&A Gourmet Foods, LLC v. Mora-Abreu*,

3

352 So. 3d 29, 31 (Fla. 1st DCA 2022) (stating that one way to determine the ordinary meaning of statutory language was by consulting a dictionary); *City of Tallahassee v. Fla. Police Benevolent Ass'n, Inc.*, 375 So. 3d 178, 184 (Fla. 2023) (explaining that dictionaries often provide the best evidence of the ordinary meaning of terms at the time they were written); *cf.* Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 70–71 (2012) (discussing the role that "dictionary definitions" play in ascertaining the ordinary meaning of words). Dictionaries uniformly define "pending" as "not yet decided" or "being in continuance." *See, e.g.*, *Pending*, Merriam-Webster's Collegiate Dictionary (11th ed. 2019); *Pending*, The American Heritage Dictionary of the English Language (2d ed. 1982). To the extent that the word "pending" has a specialized meaning within the practice of law, the meaning is no different. Black's Law Dictionary defines "pending" as "[r]emaining undecided; awaiting decision." *Pending*, BLACK'S LAW DICTIONARY (11th ed. 2019). Thus, as a matter of its ordinary meaning and its meaning within the practice of law, "pending" means that the term it modifies (here, a petition) has not been decided.

We now turn to the meaning of the term in the context of how it is used in the statute and in the broader context of chapter 61. *See B&A Gourmet Foods, LLC*, 352 So. 3d at 31; *Advisory Op. to Governor re Implementation of Amend. 4*, 288 So. 3d 1070, 1079 (Fla. 2020) ("It is a fundamental principle of statutory construction (and, indeed, of language itself) that the meaning of a word cannot be determined in isolation, but must be drawn from the context in which it is used.") (citation omitted). Section 61.08 requires "the court" to apply "this section to all initial petitions for dissolution of marriage . . . pending or filed on or after July 1, 2023." The statute tells us three things relevant here: first, it is "the court"—here, the circuit court[*]—that must apply the statute. Second, it is the initial petition that must remain pending for the statute to apply. And third, the statute applies not only to petitions that have been filed on or after July 1, 2023, but also to those that are still pending.

---

[*] Section 61.043(1), Florida Statutes, requires that a proceeding for dissolution of marriage "be commenced by filing in the circuit court a petition . . . ."

Considering the term "pending" based on its ordinary meaning and in the context of the alimony statute, we have no difficulty concluding that Former Wife's petition was still "pending" in the circuit court on July 1, 2023. The petition had not yet been decided because the circuit court had not rendered judgment. Indeed, the circuit court had taken no action at all. Instead, the record reflects that a general magistrate conducted a hearing on the petition before July 1, 2023. The magistrate made no oral findings and had not yet submitted a recommended order to the circuit court. No recommended order was submitted to the circuit court until August 2023. Then, another month passed before the circuit court entered an order adopting the magistrate's recommended order. And even then, the circuit court did not render a final judgment because the court still needed to address a request for retroactive child support. *See Pool v. Bunger*, 43 So. 3d 837, 838 (Fla. 1st DCA 2010) ("The order is not a final order because the trial court's judicial labor is not complete, as reflected by the express reservation of jurisdiction to determine the amount of Appellant's child support arrearages."). Only in March 2024, after the child support issue was resolved, did the circuit court render a final judgment on the petition. Thus, because the circuit court had not rendered judgment on the petition by July 1, 2023, the petition had not been decided and was, still pending. *See Rendition*, BLACK'S LAW DICTIONARY (11th ed. 2019) (defining "rendition" as "[t]he action of making, delivering, or giving out, such as a legal decision; esp., the filing of a court order with the clerk of court").

Even so, Former Wife argues that the petition was not pending because "the case was finished except for ministerial issues" and "the oral pronouncement just needed to be made and reduced to writing." Former Wife points out that by the time the hearing concluded, the petition had been pending for three years and the parties had prepared for trial based on their understanding that the pre-amendment alimony statute would apply. But Former Wife's arguments on how long the petition was pending in the circuit court ignore the Legislature's clear and express intent that the statutory amendment apply to **all** pending initial petitions. As we have explained, the Legislature chose not

5

to limit the application of the statutory amendment to petitions filed, but to all petitions still pending, on or after July 1, 2023.

Former Wife's arguments that the petition was no longer pending because the magistrate had completed most of the work on the petition ignores that a magistrate has no authority to render judgment. Only the circuit court was vested with judicial power to render judgment on the petition. Article V of the Florida Constitution vests judicial power in the circuit courts. *See* Art. V, § 5(b), Fla. Const. (granting the circuit courts "original jurisdiction not vested in the county courts"); *cf.* Art. V, § 6(b), Fla. Const. (providing that the county courts exercise "the jurisdiction prescribed by general law"). The Legislature has by statute given circuit courts exclusive authority to hear dissolution cases. *See* § 26.012(c), Fla. Stat. (describing the circuit court's original jurisdiction in all cases in equity); § 61.043(1), Fla. Stat. (requiring that a proceeding for dissolution commence in the circuit court).

A general magistrate, on the other hand,. is not vested with judicial power. "[F]or all their good work, including the ability to frequently hold hearings more quickly than circuit judges, magistrates are not Article V judges." *Humphrey v. Humphrey*, 296 So. 3d 536, 539 (Fla. 1st DCA 2020). A general magistrate may hear a family law matter, but only after a trial court enters an order of referral and the parties consent to the referral. Fla. Fam. L. R. P. 12.490(b)(1) ("No matter shall be heard by a general magistrate without an appropriate order of referral and the consent to the referral of all parties."). Moreover, "[a] magistrate has no inherent authority but has only the authority permitted by rule." *Humphrey*, 296 So. 3d at 539. Even so, despite the authority permitted by rule, magistrates have no authority to enter final judgments. *See* Fla. Fam. L. R. P. 12.490(e)(1) (requiring magistrates to submit recommended orders to the trial court); *Seigler v. Bell*, 148 So. 3d 473, 477–48 (Fla. 5th DCA 2014) ("While a magistrate's report is more than a *mere* recommendation, it is not a final judgment, as magistrates lack the authority to enter final judgments." (footnote omitted)).

The initial petition here was still pending on July 1, 2023, because the circuit court, with the constitutional and statutory authority to act on the petition, had not yet entered judgment.

6

But even though the initial petition was still pending on the effective date of the amendment to section 61.08, the circuit court concluded that the amendment did not apply because Former Wife already had a substantive vested right to permanent alimony. The court reasoned that Former Wife's substantive right to permanent alimony vested at the final hearing before the magistrate. We disagree with the circuit court's conclusion and reasoning.

Courts may not "apply a statute retroactively if the statute impairs vested rights, creates new obligations, or imposes new penalties." *State Farm Mut. Auto. Ins. Co. v. Laforet*, 658 So. 2d 55, 61 (Fla. 1995). The amendment to the alimony statute applies to initial petitions for dissolution filed before the effective date of the amendment. Even so, the amendment did not impair any substantive vested right of Former Wife to permanent alimony. "A substantive vested right is an immediate right of present enjoyment, or a present fixed right of future enjoyment." *Clausell v. Hobart Corp.*, 515 So. 2d 1275, 1276 (Fla. 1987) (internal citations omitted). "To be vested a right must be more than a mere expectation based on an anticipation of the continuance of an existing law; it must have become a title, legal or equitable, to the present or future enforcement of a demand." *Id.* (emphasis omitted).

When the amendment to the alimony statute eliminating permanent alimony became effective, Former Wife had no title, legal or equitable, to the present or future enforcement of a demand for permanent alimony. *Cf. Duss v. Duss*, 111 So. 382, 385 (Fla. 1926) (explaining that a former wife had no vested right to accrued or future temporary alimony while the dissolution proceeding remained pending); *Skinner v. Skinner*, 579 So. 2d 358, 359 (Fla. 4th DCA 1991) (explaining that "so long at least as the enforcement of an interlocutory order for temporary alimony remains within the discretion of the court which made it, the wife acquires no vested right to such alimony, for the order allowing it may be modified at any time, even as to installments accrued and unpaid" (internal citation omitted)). The right to alimony becomes vested only when a final judgment is "rendered for alimony and is made payable in future installments." *Montell v. Montell*, 46 So. 2d 715, 716 (Fla. 1950) (quoting *Sistare v. Sistare*, 218 U.S. 1, 30

7

(1910)). And even then, Florida courts may modify or terminate future alimony payments because a former spouse has no absolute right to those future payments. *See* § 61.14, Fla. Stat. (allowing for the modification or termination of alimony); *Canakaris v. Canakaris*, 382 So. 2d 1197, 1202 (Fla. 1980) (explaining that permanent alimony terminates "upon the death of either spouse or the remarriage of the receiving spouse" and is "subject to modification upon a substantial change of circumstances"). No final judgment had been entered here. Instead, all Former Wife had was mere expectations that (1) the magistrate would submit a recommended order to the circuit court recommending that the court award permanent alimony; and (2) the circuit court would agree with the magistrate's recommended order and enter a final judgment awarding Former Wife permanent alimony.

Because the final judgment awarding permanent alimony had yet to be entered on July 1, 2023, and no alimony payment was due and owing, Wife did not have a substantive vested right to alimony payments. And because the petition remained pending after the Legislature amended the alimony statute to eliminate permanent alimony, the trial court reversibly erred when it entered the final judgment awarding permanent alimony to Former Wife. We REVERSE the judgment and REMAND for proceedings consistent with this opinion.

ROBERTS and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Charles F. Beall, Jr. of Moore, Hill & Westmoreland, P.A., Pensacola, for Appellant.

Therese Felth McKenzie and E. Jane Thorsen of McKenzie Law Firm, P.A., Pensacola, for Appellee.